## JOHN W. HAZELRIGG v. JAS. G. TRIMPLE.

**Bills and Notes—Assignment—Notice of Lien.**

Taking the last note with notice of the agreement between Trimble and Stamper, Hazelrigg has no right to complain that Trimble's lien was adjudged superior to his.

### APPEAL FROM MORGAN CIRCUIT COURT.

October 12, 1871.

OPINION BY JUDGE LINDSAY:

The testimony leaves no doubt but that it was agreed between Stamper and Trimble, at the time the purchase money note of Toliver was assigned to the latter in satisfaction of his mortgage debt, that said note was to hold and have a preference lien over the remaining part of the unpaid purchase price of the land sold to Toliver, and that this agreement formed part of the consideration, moving Trimble to release his mortgage liens.

This contract, although not reduced to writing, was binding upon Stamper.

We are very well satisfied that Hazelrigg had full notice of the agreement when he purchased the last note due to Stamper from Tolliver.

The depositions of H. H. Stamper and of Tutt prove this notice beyond doubt, and though they afterwards testify that they were mistaken as to the fact when their first depositions were given, they assign no reason for such mistake. Possibly if they were unsupported, their testimony should be disregarded as unworthy of credit, but all the circumstances in the case, including Hazelrigg's equivocal and unsatisfactory pleadings, and more especially the written contract between Stamper and himself, conduce to show that the testimony of H. H. Stamper and of Tutt when originally given was true.

Taking as he did the last note with notice of the agreement between Trimble and Stamper, Hazelrigg has no right to complain that Trimble's lien was adudged superior to his.

Judgment affirmed.

*Hazelrigg, Simpson, for appellant.*

*Cooper, for appellee.*